UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**23 CV 3686**

---------------------------------------------------------x

MOUSTAPHA MAGASSOUBA
                Plaintiff,

-V-

2023 CIVIL. _____ [___][___]

COMPLAINT UNDER 42 U.S.C.A.
§1983, 1985,1331, 1332, 28 U.S.C
§ 4101
JURY TRIAL DEMANDED

THE CITY OF NEW YORK, NEW YORK
POLICE DEPARTMENT, Detc. CARATO,
JANET DIFIORE, ADRIENNE M. CHAPOULIE,
PATRICIA LUPI, JOHN DOE ATTY,
JOHN DOE ATTY, JOHN DOE,
ASSISTANT DISTRICT ATTY.
                Et al Defendants,

---------------------------------------------------------x

**PARTIES IN THIS CIVIL COMPLAINT:**

**THE PLAINTIFF:**     MOUSTAPHA MAGASSOUBA
                                128 West 128th Street, Apt 4G
                                New York, New York 10027

**DEFENDANT: No. 1**     THE CITY OF NEW YORK,
                                1 Centre Street #530,
                                New York, NY 10007

**DEFENDANT: No. 2**     THE NEW YORK POLICE
                                77 S Lexington Ave
                                White Plains New York 10601-2513

**DEFENDANT: No. 3**     THE DETECTIVE CARATO,
                                77 S Lexington Ave
                                White Plains New York 10601-2513

**DEFENDANT: No. 4**     THE DISTRICT ATTORNEY
                                JANET DIFIORE,
                                Westchester County
                                111 Dr. Martin Luther King, Jr. Blvd.
                                White Plains, New York 10601

**DEFENDANT: No. 5**     ASSISTANT DISTRICT ATTORNEY,
                                ADRIENNE M. CHAPOULIE,
                                111 Dr. Martin Luther King, Jr. Blvd.
                                White Plains, New York 10601

**DEFENDANT: No. 6**   THE CLERK OF COURT,
PATRICIA LUPI,
77 South Lexington Avenue
White Plains, NY 10601

**DEFENDANT: No. 7**   JOHN DOE ATTY OF 03/19/1996,

**DEFENDANT: No. 8**   JOHN DOE ATTY OF 08/07/2000,

**DEFENDANT: No. 9**   JOHN DOE ASSISTANT DISTRICT ATTY OF 08/07/2000.

The Plaintiff **Moustapha Magassouba**, being duly sworn deposes under the Penalty of Perjury:

The Plaintiff is stating that this action is brought under the Tort Claims Act, for violation of his Rights under the United States Constitutional Amendment Rights, Federal, Law, and State Constitutional Amendment Rights, and, for Civil Rights Deprivation, including Defamation of Character, and Smearing of Reputation and the Plaintiff National Records, False arrest and several unlawful Imprisonment's, Malicious Prosecution, and Legal Law Malpractice, Plaintiff Magassouba is asserting that all Defendants named in this Complaint, have direct and personal involvement in violating Magassouba, Constitutional Amendment Rights. Pursuant to 42 U.S.C.A. §1983, 1985,1331, 1332, and 28 U.S.C § 4101.

## JURISDICTION AND VENUE

Plaintiff Magassouba asserts that the Federal question involved, and the district courts shall have original jurisdiction to adjudicate these civil actions arising under the Tort Acts, 1983, 1985, the U.S., Constitution Amendments, State laws, treaties of the U. S. under 28 U.S. Code § 1331, 1332, Diversity of citizenship; amount in controversy; costs.

The Proper Venue for this action is the United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007 – 1312; the Plaintiff is residing in New York

City, Manhattan, the cause of this Action aroused in the White Plains City Court, Westchester County, New York, Courthouse, at 77 South Lexington Avenue, White Plains, NY 10601, Westchester County, in the New York State inside the territorial jurisdiction of Southern District of New York.

## STATEMENT OF CLAIM

The Plaintiff Moustapha Magassouba filed his Notice of Tort claims for damages against the City of New York, and its Employees, unidentified officers of the New York City Police Department, unidentified employees of the New York City District Attorney Office, the Clerk of City Court, White Plains NY, and two unidentified Attorneys. In the New York City Controller's office on December 19, 2022, the 50-h hearing occurred on March 31, 2023.

The Plaintiff served the Westchester Attorney who is Appointed as Controller, with a copy of the December 19, 2022, Notice of Claim, and a new Notice of Claim on April 3, 2023, at 148 Martine Avenue, 6 Floor, White Plains NY 10601. The White Plains City Court is under the direction of the New York State Office of Court Administration.

The claims arose on September 22, 2022, from the incident of March 19, 1996, and August 7, 2000, False arrest wrongful forgery Convictions, and Unlawful imprisonments. Magassouba is an Electrician in New York City. Plaintiff Magassouba is Pro-se in this claim.

1) On April 18, 2022, Magassouba, filed a Motion to Vacate the court decision order, and conviction and to set aside Under CPLR §440.10 (1) and (b), (c), (d), (g), (h) and (g-1); on the ground that, the judgment was procured by misrepresentation of Law and Facts, and by fraud on the part of the prosecutor, and those Attorneys on the case who represented Mr. Magassouba, and the Attorney who represented Defendant Mohamed Hanafi, on March 1996.

2) On September 22, 2022, the White Plains City Court Granted Magassouba Motion and Vacate the court decision order, and conviction, and set aside Under CPLR §440.10. The

3

claimant Magassouba asserting, that the defense counsel's act in convincing Magassouba to accept a guilty plea on March 19, 1996, and on August 7, 2000, is Constitutional and Rights Deprivation under the Federal Law, State Constitution, Civil Rights, and the United States Constitutional Amendment Rights.

3) Magassouba, was arrested on August 1, 2000, in his Apartment at 2104 East 177 Street Bronx New York by New York Police Department, which moved Magassouba from Police Station to several Courts, the Judge in Queens rejected the prosecution case.

4) Magassouba has suffered from all kinds of Constitutional Amendments Rights violations under the New York State Law and the United States of America Constitution Amendment Rights under the First, Fourth, Fifth, Sixth, and Eight; and New York State (Article I, Sections 6 and 12) and under the common law of New York, Civil Rights, specifically unlawful seizure of his Person life liberties without due process of law, double jeopardy, Legal Law Malpractice, deprivation of property and the Immigration Statutes, Rights to Medical care, Financial, and the Equal Human Rights, these acts have inflicted emotional distress, by intentionally and Grossly negligently and Reckless acts have been slaving Magassouba, for 27 years.

5) On about August 3, 2000, the City Court of White Plains accepted Magassouba and charged him with forgery without Magassouba committing forgery or any other crime, on July 28, 2010, Magassouba filed a Motion to vacate the March 19, 1996, Guilty Plea conviction; on November 1, 2010, the District Attorney Office filed its opposition and mislead the court that the August 7, 2000, forgery third degree simply did not render Magassouba deportable. On November 10, 2010, the City Court of White Plains denied Magassouba, motion.

On June 26, 2013, the New York State Governor granted Magassouba Pardon Application as to waive the Federal conviction Under 8 U.S.C.A §1227 (a)(2)(A)(vi); again, for the second time the Immigration denied Magassouba Petition already Approved.

6) Plaintiff Magassouba asserting that he was eligible for cancellation of removal under the statutory requirement of INA Act§240A (b)(1) and 8 U.S.C. §1229b (b)(1), the only thing that barred him was this false forgery conviction caused by the NYPD, Detective Carato, and the NYC Court District Attorney and its Assistants, Gross Negligence Reckless acts and included a wrongfully criminal record into the Plaintiff Magassouba name, and the Judgments of this conviction were obtained in violation of the Federal substantial rights, Law, Treaties and the United States Constitutional Amendment Rights. State Law, Civil Rights.

7) The District Attorney's Office argued in its motion that on May 27, 2011, the Immigration Judge denied Magassouba Petition after the federal case become final. November 3, 2011, that because the petitioner had been convicted of the crime of forgery in the third degree, which constitutes a crime involving moral turpitude, and the petitioner was barred "from establishing, *inter alia*, that he was not convicted of an offense described under section 237 (a) of the Act, and that because the BIA found that the conviction for forgery was sufficient to bar the discretionary relief of cancellation of removal, the BIA did not discuss the fact the petitioner's drug conviction equally precludes such relief because it is both a crime involving moral turpitude, as well as a conviction for "an offense under section 212(a)(2) and 237(a)(2) and that would thus independently bar such relief.

8) Magassouba asserts that this above reaffirmation by the District Attorney's Office is proof that Magassouba, current injuries have been caused by the District Attorney's Office's false information; the Immigration Judge Stated on March 8, 2011, that if the City Court Grant the

5

CPLR § 440.10, the Plaintiff would be Legally Eligible, the copy of IJ statement is attached to the March 31, 2023, 50 h hearing transcript as Exhibit C.

9) The ineffective assistance of Counsels played a big role in this wrongful criminal conviction, which is still affecting Plaintiff Magassouba, entire Rights as continual collateral consequences. it is an obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences); Plaintiff Magassouba is suffering collateral legal consequences Magassouba Stated to his Counsel that he didn't know the card was stolen and that Hanafi sent him to get a computer for him, Magassouba, stated to Hanafi, that he doesn't know how to use the credit card Hanafi said no problem if you get any issue call me. And Magassouba stated to his counsel that he wanted to go to trial, but the Counsel told Magassouba not to go to trial Hanafi's Attorney also told Magassouba not to go to trial that the guilty plea will not affect Magassouba, Immigration Statute, and the Defendant Hanafi, also beg the Plaintiff and paid his bail, and he was released.

10) Magassouba trusted his Counsel's advice that's is why he pleaded guilty not because he was guilty, his Counsel refused to investigate nor to take his case to trial, and misadvised him of the consequences of immigration and his plea, the Petitioner even tried to explain the incident to the Judge but they stopped him, he pleaded without knowing the consequences of his guilty plea, he was not provided with the waiver form and it was not read to him, his Counsel only told him to sign here and he signed; The Claimant never had enough time with his Counsel, he saw his Counsel only three times On December 6, 1995, and March 19, 1996, only inside the Courtroom; On January 2, 1996, Hanafi, paid $1000 Dollars bail for the Claimant and he was released from the County Jail, his Counsel did not tell him that he had rights to anything, on March 19, 1996, by the Clerk of Court deducted the $800 Dollars Fine from the $1000 paid by Hanafi.

6

11) Magassouba was convicted twice for the same crime without committing any crime. The first on March 19, 1996, and the second on August 7, 2000, as a result, Magassouba, Fifth, and Fourteenth Amendments Rights were violated, and he did not violate his probation. Magassouba, bail was paid by the defendant Hanafi, who was arrested with Magassouba on December 5, 1995.

12) On November 7, 2010, the Petitioner submitted his motion for reconsideration, On December 16, 2010, he received the rejection Notice that the Court received his motion. On December 13, 2010, 6 days after the return date. which Magassouba was in Immigration custody as prose with limited abilities to pursue his own Legal representation as professional as the District Attorney.

13) Magassouba, asserting that both conviction decisions and order were procured by misrepresentation of Law and Facts, and by fraud on the part of the District Attorney's Office, and those Attorneys on the case who represented Mr. Magassouba.

14) Magassouba was convicted twice for the same crime when he did not commit any crime, as result, Magassouba U. S. Constitutional Amendment Rights, State Law, Civil Rights, and the First, Fifth, Eighth, and Fourteen Amendment Rights, by the District Attorney Office and sent Magassouba to Allegheny County Pittsburgh Pennsylvania, but the PA District Attorney dismissed their complaint against Magassouba on April 17, 2002.

15) Magassouba, filed his motion in the City court on July 12, 2010, to vacate its August 7, 2000, wrongful conviction, but the District Attorney's Office including the ADA, Chapoulie, misrepresented Magassouba, entire Claims in its Affirmation in Opposition dated November 1, 2010, on Page 5,6 by presenting false information to secure false charge against Magassouba that Mr. Magassouba failed to pay the fine and bench warrant was issued for his arrest on September 11, 1996, pursuant to CPLR 420.10 (3) and that the warrant was returned on August 2, 2000,

sentenced on August 7, 2000, to time served in lieu of the fine pursuant to CPLR 420.10 (5) (d). As a result of this false charge by the People, the courts denied Magassouba, Meritorious motion.

16) Magassouba, asserting that he was falsely arrested by the District Attorney's Office on August 1, 2000, and wrongfully convicted on August 7, 2000, the $800, fine imposed on Magassouba, was deducted from the $1000 Dollars Bail paid by Mohamed, this evidence is confirmed by the District Attorney Office August 8, 2022, Affirmation in response at Page 1, to the Motion to Vacate.

17) Magassouba, asserting that (1) the defense counsels act in convincing Magassouba to accept a guilty plea on March 19, 1996, have deprives Mr. Magassouba of his protective Rights under 42 U.S.C.A. §1983, 1985, State Law, U.S. Constitution Amendment Rights, and Civil Rights, the United States Supreme Court Decision in Padilla v, Kentucky retroactive applicability to all Immigration cases was not important for the vacatur of Magassouba Conviction as relief Granting his Motion and Set aside August 7, 2000, and the March 19, 1996 conviction was entered by the exploitation of unlawful acts. Because the CPLR§ 440.10 states clearly that a Motion to vacate under § 440.10 can be filed at any time and can be filed by any party in the case.

18) The Assistant District Attorney Adrienne Marie Chapoulie, District Attorney Janet Difiore, and Detective Carato, reckless and false information, have caused Permanent Injuries to Magassouba, the ADA, Chapoulie argued in its motion that on May 27, 2011, an Immigration Judge denied the Petitioner's Application for cancellation of removal and adjustment of his status, that the Petitioner appealed that decision and On November 3, 2011, the Board of Immigration Appeals (BIA) dismissed the Appeal. As for the petitioner's application for cancellation of removal, the BIA ruled that the Immigration Judge correctly concluded that

because the petitioner had been convicted of the crime of forgery in the third degree, which constitutes a crime involving moral turpitude, and the petitioner was barred "from establishing, *inter alia*, that he was not convicted of an offense described under section 237 (a) of the Act, and that because the BIA found that the conviction for forgery was sufficient to bar the discretionary relief of cancellation of removal, the BIA did not discuss the fact the petitioner's drug conviction equally precludes such relief because it is both a crime involving moral turpitude, as well as a conviction for "an offense under section 212(a)(2) and 237(a)(2) and that would thus independently bar such relief.

19) Magassouba has demonstrated that the Judgment of this forgery conviction was obtained in violation of the Federal substantial rights, Laws, Treaties, and Constitution of the New York States and the United States Constitutional Amendment Rights and demonstrated that this conviction has caused him irreparable damages.

## CAUSE OF ACTION COMMITTED BY EACH DEFENDANT.

**DEFENDANT NO. 1-**

The City of New York is Directly Involved in this Action, as the Employer of a group of people that Grossly recklessly Negligently caused Permanent Injuries to Plaintiff Magassouba, the employee was acting within the scope of their employment, the employer is liable for the employee's negligence under a theory of the Plaintiff, the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the Training. And the City deprived Plaintiff Magassouba of all Rights provided to him by Federal Law, State Law, City Law, and the United States Constitutional Amendment, Magassouba, Residency and Citizenship in the United States were denied because the New York City and its Employee's unlawful acts for 27 years, and Medical treatment the City denied Magassouba his Rights to Federal Pandemic emergency

9

relief which was approved by the President of U.S.A, and by the Labor Law. The city is negligent and failed to train and supervise its employees, accurate training and supervision would prevent this kind of Constitution Rights violation, the city has been Slaving Mr. Magassouba in the United States by Holding his Citizen ship forever.

**DEFENDANT: No. 2 & 3**

The New York Police Department and the Detective Carato were Grossly Negligent and intentionally made a false claim on September 11, 1996, that Plaintiff Magassouba did not pay the $800 Dollar fine imposed by the City Court on March 19, 1996, this particular $800 Dollar fine was paid to the Clerk of Court on March 19, 1996, but the Detective Carato, intentionally issued wrongful arrest warrant to arrest the plaintiff Magassouba, on August 1, 2000, Magassouba was arrested in his apartment at 2104 East 177 St Apt 4E, Bronx, New York and brought to Court on August 3, 2000, and the Plaintiff Magassouba did explain to the Court that the fine was paid on March 19, 1996, and explained that he did not violate the Probation or any law, but because the false information of Detective Carato, and the District Attorney Office false information, mislead the Courts by defaming the Plaintiff characters and his record to unlawfully convict him twice with Forgery where the Plaintiff Magassouba did not commit any crime.

The Plaintiff Magassouba is asserting that the New York Police Department and Detective Carato, have caused Permanent Injuries to him, in all cases in his life, unlawfully imprisoned for longer than 3 years, and put his Immigration Statute on hold for 27 years, as a result, Magassouba has been denied of all Rights Privileges in the United States of America, these acts have contributed to the Deprivation of Magassouba Civil Rights, State Law, Federal Law, and the United States Constitutional Amendment Rights.

**DEFENDANT: No. 4**

The District Attorney, Janet Difiore was Grossly Negligent and intentionally refused to instruct, Supervise her employees and Janet Defiore permitted her Assistants to form and utilize a false claim on September 11, 1996, that Plaintiff Magassouba did not pay the $800 Dollar fine that was imposed by the City Court on March 19, 1996, which this $800 Dollar fine was paid to the Clerk of Court on March 19, 1996, the District Attorney Defiore, was aware of all arguments presented by the Plaintiff Magassouba and her Assistants District Attorney and recklessly disregarded the correction of their wrongful acts.

The District Attorney Defiore is responsible for the Malicious Prosecution conducted against Magassouba for causing Permanent Injuries to him, Magassouba has been denied all Rights and Privileges in the United States of America, and these acts have contributed to the Deprivation of Magassouba, Civil Rights, State Law, Federal Law, and the United States Constitutional Amendment Rights.

District Attorney Janet DiFiore, now she is actually the Chief Judge of the Court of Appeals for the State of New York, all her Judgments regarding Plaintiff Magassouba's cases have been Prejudiced and Unconstitutional denied.

**DEFENDANT: No. 5**

Adrienne Marie Chapoulie, is the Assistant District Attorney for the City Court of White Plains, Westchester New York, District Attorney Capoulie was Grossly Negligent and intentionally Reckless, Plaintiff Magassouba did state in all his motions that the $800 Dollar fine imposed by the City Court on March 19, 1996, was paid to the Clerk of Court on March 19, 1996, by Mohamed Hanafy in the presence of Plaintiff Magassouba, but the Assistant District Attorney Chapoulie, refused to verify the Court record for the fine payment and mislead the Courts by defaming the Plaintiff characters and tainted Magassouba record to make him look like to disqualified Magassouba as an aggravated criminal with two conviction, these acts caused

11

Magassouba long term Jail times, his Citizenship, lifetime opportunities, the Plaintiff had Legal Law Malpractice Action against Cascione Pourcigliotti & Galluzzi PC, for 10,000,000,00. Dollars Lawsuit, that case was dismissed as the result of the delay caused by Assistant District Attorney Chapoulie, false and misleading information provided to all Courts are the reasons of Magassouba July 28, 2010, CPLR § 440.10 to Vacate 1996 and 2000, wrongful conviction. The ADA Chapoulie intentionally deprived Magassouba, Rights to life Liberty, and Protective Rights of all Laws in the United States and Humiliated Slave Magassouba until now.

The ADA Chapoulie, insisted without evidence to wrongfully include a criminal record into the Plaintiff Magassouba, name, and mislead the Courts, the Judgments of denial of Magassouba, first 440.10 Motion was obtained in violation of his Civil Rights, Federal substantial rights, State Law, Treaties, and the United States Constitutional Amendment Rights.

**DEFENDANT: No. 6**

Patricia Lupi, is the Clerk of the White Plains City Court, Westchester County, Clerk Lupi, is liable for Plaintiff Magassouba Pains and Suffering and all the deprivation of Magassouba Civil rights, State Law, and the U.S. Constitutional Amendment rights, the Clerk Lupi, Grossly and recklessly negligently failed to keep the Court proceeding records safe and as result the Plaintiff Magassouba have suffered Permanent Injuries, he was unlawfully imprisoned for longer than 3 years, and put his Immigration Statute on hold for 27 years, the clerk Lupi, also conspired against the Plaintiff Magassouba, by Rejecting Magassouba Motions from the Court file that the motion was 1 or 2 day late when Magassouba was in the Immigration Custody for deportation based on these false conviction they forced on Magassouba, and denied him of all Rights Privileges in the United States of America, these acts have contributed to the Deprivation of Magassouba Civil Rights, State Law, Federal Law, and the United States Constitutional Amendment Rights.

Computing Legal Documents receiving deadlines times by the Courts, starting on the Date the Document is "Notarized" or received by the Courts. The Clerk of Court Patricia Lupi, violated Magassouba, right to do the Process of Law under the Fifth and Fourteenth Amendment, Magassouba, was a Prisoner at the time and all his Documents was Notarized.

**DEFENDANT: No. 7**

The Attorney who represents Plaintiff Magassouba, on March 19, 1996, the John Doe Defendant, the Attorney was constitutionally ineffective and played a crucial role in this wrongful criminal conviction, which is still affecting Plaintiff Magassouba, entire Rights as continual collateral consequences; Plaintiff Magassouba is suffering collateral legal consequences and Magassouba did State to his Counsel that he didn't know the card was stolen and that he wanted to go to trial, but the Counsel told Magassouba not to go to trial Hanafi's Attorney also told Magassouba not to go to trial at the presence of Magassouba Attorney, that the guilty plea will not affect Magassouba Immigration Statute, and the Defendant Hanafi, also beg the Plaintiff and paid his bail, and he was released.

Magassouba trusted his Counsel's advice that's is why he pleaded guilty not because he was guilty, his Counsel refused to investigate nor to take his case to trial, and misadvised him of the consequences of immigration and his plea, the Petitioner even tried to explain the incident to the Judge but they stopped him, he pleaded without knowing the consequences of his guilty plea, he was not provided with the waiver form and it was not read to him, his Counsel only told him to sign here and he signed; Magassouba never had enough time with his Counsel, he saw his Counsel only three times On December 6, 1995, on January 2, 1996, and March 19, 1996, only inside the Courtroom; On January 2, 1996, Hanafi, paid $1000 Dollars bail and he was released from the County Jail, Magassouba Counsel did not tell him that he had rights to anything, and mislead Magassouba about the guilty plea and about the Immigration Consequences, the Plaintiff

Magassouba have suffered Permanent Injuries, he was unlawfully imprisoned for longer than 3 years, and put his Immigration Statute on hold for 27 years, now he is seeking for a Relief from this Court.

**DEFENDANT: No. 8**

The John Doe, Attorney who represents Plaintiff Magassouba, on August 7, 2000, is Defendant, # 8, the John Doe, Attorney Conspired against Magassouba Rights, August 7, 2000, Guilty Plea was obtained from the exploitation of unlawful acts, Magassouba has been fraudulently convicted on August 7, 2000, until September 22, 2022, he stated to the Attorney and to the Court that the $800 dollars fine were paid and that he did not commit any crime, but the Attorney misrepresented the Law and Fact and mislead Magassouba and instructed to accept a guilty plea, on August 3, 2000, and August 7, 2000, in the City Court of White Plains Magassouba and charged him with forgery without committing forgery crime

Magassouba, asserted in the Court on August 3, 2000, that the fine was paid on March 19, 1996; all other facts contributed to the acceptance of a guilty plea on August 7, 2000, have deprived Mr. Magassouba of his protective Rights under 42 U.S.C.A. §1983, 1985, State Law, U.S. Constitution Amendment Rights, and Civil Rights. And Magassouba is Seeking Relief.

**DEFENDANT: No. 9**

The Attorney who represents Plaintiff Magassouba, on August 7, 2000, is the John Doe Defendant, # 9, the John Doe, Assistant District Attorney Maliciously prosecuted Magassouba, he was falsely arrested by the District Attorney's Office on August 1, 2000, and wrongfully convicted on August 7, 2000, the $800, fine was deducted from the $1000 Dollars Bail paid by Mohamed, this evidence is confirmed by the District Attorney Office August 8, 2022, Affirmation in response at Page 1, to the Motion to Vacate.

Magassouba, asserted in the Court on August 3, 2000, that the fine was paid on March 19, 1996; all other facts contributed to the acceptance of a guilty plea on August 7, 2000, have deprived Mr. Magassouba of his protective Rights under 42 U.S.C.A. §1983, 1985, State Law, U.S. Constitution Amendment Rights, and Civil Rights. And Magassouba is Seeking Relief.

### STATUTE OF LIMITATION

The 1-year time of Statute of Limitation Started on September 22, 2022, and it will expire on September 21, 2023; the Injury and incidents that caused this Action started from about December 6, 1995, till September 22, 2022.

### REMEDY SOUGHT

The Plaintiff Magassouba is Claiming for compensation of his Sufferance's and permanent Injuries, Magassouba has not yet recovered from any of these Permanent Injuries Caused to him. As a result, Plaintiff Magassouba is Requesting a Jury Trial for the determination of the Remedy Requested; The value of the Claimant's destroyed property, personal Injuries Money damages is the amount of Fifty Million Dollars, $50, 000,000,00, Million Dollars.

Dated: New York, NY
May 2, 2023

Submitted by the Pro-se Plaintiff.

*[signature]*

MOUSTAPHA MAGASSOUBA
128 West 128th Street, Apt 4G
New York, New York 10027
Tel: 347)358-6185
Email: magassouba767@yahoo.com

Worn and subscribed to me.
On this 2'nd day of May 2023

*[signature]*

Notary Public

Hong Iae Joon
Notary Public, State of New York
Qualified in New York County
Reg No 01HO6103878
My Commission Expires _1/1/2024_

15