UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOUSTAPHA MAGASSOUBA,

Plaintiff,

v.

THE CITY OF NEW YORK, *et al*,

Defendants.

---

No. 23-CV-3686 (KMK)

<u>OPINION & ORDER</u>

KENNETH M. KARAS, United States District Judge:

Appearances:

Moustapha Magassouba
*Pro Se Plaintiff*

Jesse N. Zilinski, Esq.
Zachary Kalmbach, Esq.
Zoe N. Reszytniak, Esq.
Nicolette Pellegrino, Esq.
New York City Law Department
New York, NY
*Counsel for Defendant City of New York*

Irma W. Cosgriff, Esq.
Westchester County Attorney's Office
White Plains, NY
*Counsel for Defendants DeFiore and Chapoulie*

MaryBeth Catherine Allen-Knecht, Esq.
NYS Unified Court System
Goshen, NY
*Counsel for Defendants DeFiore and Chapoulie*

John J. Walsh , II, Esq.
Paul E. Svensson, Esq.
Hodges Walsh & Burke LLP
White Plains, NY 10601
*Counsel for Defendant City of White Plains*

KENNETH M. KARAS, United States District Judge:

Plaintiff Moustapha Magssouba ("Plaintiff"), proceeding pro se, brings this Action against the City of New York ("New York"), the City of White Plains ("White Plains"), former DA Janet Defiore ("Defiore"), and DA Adrienne Chapoulie ("Chapoulie"), (collectively, "Defendants") alleging various federal and state claims. (*See generally* Second Amended Complaint ("SAC") (Dkt. No. 120).) Before the Court is Defendant New York's Motion to Dismiss ("New York Motion"), Defendant White Plains' Motion to Dismiss ("White Plains Motion"), and Defendants' Defiore and Chapoulie's Motion to Dismiss ("County Defendants' Motion") (collectively, the "Motions").

For the following reasons, the Court grants Defendants' Motions.

## I.    Background

### A. Factual Background

The following facts are drawn from Plaintiff's SAC, which is assumed to be true for the purpose of resolving the instant Motion. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

In 1996, Plaintiff was arrested and charged with forgery by the White Plains City Police Department. (*See* SAC 3.)[1] He pled guilty on March 19, 1996, and was sentenced to 27 days' time served, 3 years' probation, and an $800 fine. (*See id* at 4.) Plaintiff alleges that after his sentencing, he "went to the cashier of the Clerk of Court['s] window," and the money he had posted for his bail—$1000—was reduced by $800, the amount of his fine. (*See id*.)

---

[1] Plaintiff does not provide paragraph numbers for the allegations against each individual Defendant, (*see* SAC 8–23), and therefore the Court will refer to the ECF page numbers when citing the SAC in order to avoid confusion.

Plaintiff alleges that he complied with the terms of his probation and paid the fine, but nevertheless, the City Court of White Plains issued a bench warrant for Plaintiff's arrest on September 11, 1996. (*See id.* at 4–5.) On August 1, 2000, Plaintiff was arrested in his apartment pursuant to the 1996 bench warrant. (*See id.* at 5.) Plaintiff alleges he was then misled by his attorney into signing documents for his release. (*See id*.) In fact, Plaintiff pled guilty and was resentenced for his 1996 forgery charge. (*See id*.)

Plaintiff alleges that Defendant New York falsely arrested him in 2000 on the basis of a "false and fraudulent warrant," which was issued "without verification of the validity of the evidence or the Warrant [sic]." (*See id.* at 7–8.) Plaintiff further alleges that the bench warrant underpinning his 2000 arrest relied on evidence which was "false[,] fraudulent[,] and fabricated." (*See id*. at 8.) Plaintiff alleges that these events led to the denial of his "[r]esidency and [c]itizenship," and that "[t]he New York City government Policymaker decision has been Slaving [Plaintiff]." (*See id*.) He further argues that New York City's "legislative body" maintained a municipal policy of authorizing its employees to arrest Plaintiff without questioning the "validity falsity and fabrication of warrant evidence." (*See id*. at 8–9.)

Similarly, Plaintiff alleges that White Plains maintained a policy which "authorized its employees to bring criminal cases without adequate justification." (*See id.* at 9.) Plaintiff also alleges that White Plains legislative body maintained a municipal "policy" which authorized its employees to arrest Plaintiff "without questioning the falsity and fabrication of warrant evidence." (*See id.* at 10.)

Plaintiff also alleges that Defendant Defiore was aware of all litigation involving Plaintiff, and "failed to intervene in her subordinates['] long term falsification and fabrication of evidence" against Plaintiff. (*See id*.) Plaintiff further alleges that Defiore "failed to train the

assistant district attorneys on the municipal Policy of prevention of depriving constitutional rights rule." (*See id*.)

Plaintiff finally alleges Defendant Chapoulie made improper arguments, misstated the law, fabricated evidence, and falsified facts related to his 2000 resentencing. (*See id*. at 14.) Plaintiff claims that he had a malpractice action against a law firm, which was dismissed as a result of the delay caused by Chapoulie, as well as the false and misleading information she provided to various courts. (*See id*. at 13–14.) Further, Plaintiff alleges that Chapoulie "insisted [on] abusing her power by requesting all courts to deny Plaintiff['s] motion without evidence," and "wrongfully included a criminal record" in the Plaintiff's name. (*See id.* at 16.)

B. Procedural Background

Plaintiff filed his original Complaint on May 2, 2023. (*See* Compl. (Dkt. No. 1).) County Defendants filed a Motion to Dismiss on September 5, 2023. (*See* Dkt. Nos. 30, 31).) After requesting and receiving permission from the Court, Plaintiff served his Amended Complaint on Defendants. (*See* Dkt. Nos. 52–53.) County Defendants filed supplemental briefing on their Motion to Dismiss on January 10, 2024. (*See* Dkt. No. 66.) Defendant New York filed a Motion for Judgement on the Pleadings. (*See* Dkt. No. 116.) On June 12, 2024, the Court granted both Motions in full. (*See* Dkt. Nos. 116, 117.)

Subsequently, Plaintiff filed his Second Amended Complaint ("SAC") with the Court. (*See* SAC.) Defendant White Plains moved to dismiss the SAC on August 22, 2024. (*See* Mem. of Law in Supp. of Mot. to Dismiss ("White Plains Mem.") (Dkt. No. 139); Decl. of Paul E. Svensson in Supp. Mot. to Dismiss ("Svensson Decl.") (Dkt. No. 140).) Plaintiff filed his Opposition to the White Plains Motion to Dismiss on October 10, 2024. (*See* Mem. in Opp. Mot.

to Dismiss ("Pl. Opp. White Plains") (Dkt. No. 159).)  Defendant White Plains filed its Reply on October 23, 2024.  (*See* Rep. Mem. of Law. ("White Plains Rep.") (Dkt. No. 160.).)

Defendant New York filed its Motion to Dismiss on August 29, 2024.  (*See* Mot. to Dismiss ("New York Not. of Mot.") (Dkt. No. 143); Mem. of Law in Supp. of Mot. to Dismiss ("New York Mem.") (Dkt. No. 144); Decl. of Zoe Reszytniak in Supp. of Mot. to Dismiss ("Reszytniak Decl.") (Dkt. No. 145).)  Plaintiff filed his Opposition on November 12, 2024. (*See* Mem. in Opp. Mot. to Dismiss ("Pl. Opp. New York") (Dkt. No. 162).)  Defendant New York filed its reply on December 10, 2024.  (*See* Rep. Mem. of Law ("New York Rep.") (Dkt. No. 170).)

County Defendants moved to dismiss on September 12, 2024.  (*See* Mot. to Dismiss ("County Defs. Not. of Mot.") (Dkt. No. 150); Decl. of Irma Cosgriff in Supp. of Mot. to Dismiss ("Cosgriff Decl.") (Dkt. No. 151); Mem. of Law in Supp. of Mot. to Dismiss ("County Defs. Mem.") (Dkt. No. 153).)  Plaintiff filed his Opposition on December 12, 2024.  (*See* Mem. in Opp. Mot. to Dismiss ("Pl. Opp. County Defs.") (Dkt. No. 174).)  County Defendants filed their Reply on January 3, 2025.  (*See* Rep. Mem. of Law ("County Defs. Rep.") (Dkt. No. 175).)

## II.    Discussion

### A.  Standard of Review

#### 1.  FRCP 12(b)(2)

County Defendants move to dismiss Plaintiff's claims under, inter alia, FRCP 12(b)(2). (*See* County Defs. Mem. 14–15.)  On a Rule 12(b)(2) motion, the plaintiff has the burden of establishing that the court maintains jurisdiction over the defendant.  *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)  However, "prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good

faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (alteration adopted) (italics, citations, and quotation marks omitted); *see also Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008) ("Where . . . a district court relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction over the defendant." (citation and quotation marks omitted)). "[A] prima facie showing of jurisdiction does not mean that [the] plaintiff must show only some evidence that [the] defendant is subject to jurisdiction; it means that [the] plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction*."* *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997). A plaintiff may "make this showing through his own affidavits and supporting materials, containing an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (alteration adopted) (citations, and quotation marks omitted).

While a court may consider materials beyond the pleadings, the court must credit a plaintiff's allegations in support of jurisdiction and "construe the pleadings and any supporting materials in the light most favorable to the plaintiff[]." *Licci ex rel. Licci v. Lebanese Canadian Bank*, *SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[W]here the issue is addressed in affidavits, all allegations are construed in the light most favorable to do the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). However, "[p]leadings that assert only 'conclusory non-fact-specific jurisdictional allegations' or state a 'legal conclusion

couched as a factual allegation' do not meet this burden." *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *2 (S.D.N.Y. Feb. 28, 2022) (quoting *Jazini*, 148 F.3d at 185); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (explaining that a court cannot "draw 'argumentative inferences' in the plaintiff's favor" in considering Rule 12(b)(2) motion (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992))).

  2. <u>FRCP 12(b)(5)</u>

  County Defendants also move to dismiss under FRCP Rule 12(b)(5). (*See* County Defs. Mem. 15–16.) "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Valid service is a prerequisite for a federal court to assert personal jurisdiction over a claim. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (alteration adopted) (citation and quotation marks omitted); *see also Tomney v. Int'l Ctr. for the Disabled*, No. 02-CV-2461, 2003 WL 1990532, at *3 (S.D.N.Y. Apr. 29, 2003) ("Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy."). In determining the sufficiency of service, the Court "must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect service." *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (quotation marks omitted); *see also PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009) ("A court may, on a Rule 12(b)(5)

motion to dismiss, consider affidavits and documents submitted by the parties without converting

the motion into one for summary judgment under Rule 56." (alteration adopted) (quotation marks

omitted)).

"While Rules 12(b)(5) and 12(b)(2) are independent bases upon which dismissal may be

granted, when service of process is at issue, they are 'closely interrelated.'" *Fantozzi v. City of*

*New York*, 343 F.R.D. 19, 25 (S.D.N.Y. 2022) (quoting 5B Charles A. Wright & Arthur R.

Miller, Federal Practice and Procedure § 1353 (3d ed. 2022)).  Thus, "insufficient service can

subject a complaint to dismissal under both rules."  *Id.*; *see also George v. N.Y.C. Health &*

*Hosps. Corp.*, No. 09-CV-3833, 2012 WL 1072274, at *3 (E.D.N.Y. Mar. 29, 2012) (dismissing

a complaint "pursuant to Rules 12(b)(2) and 12(b)(5) for failure to establish personal jurisdiction

due to insufficient service of process").

### 3.  FRCP 12(b)(6)

Defendants move to dismiss based on FRCP 12(b)(6).  (*See* White Plains Mem. 10–12;

NY Mem. 11–13; County Defs. Mem. 16–17.)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a

plaintiff's claim based on "failure to state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6).  At the motion to dismiss stage, a court must "draw all reasonable inferences in

the [plaintiff's] favor, 'assume all well-pleaded factual allegations to be true, and determine

whether they plausibly give rise to an entitlement to relief.'"  *United States v. Medtronic, Inc.*,

No. 18-CV-1628, 2024 WL 4165522, at *3 (S.D.N.Y. Sept. 12, 2024) (quoting *Faber v. Metro.*

*Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011)).

To survive a motion to dismiss, the Supreme Court has held that a complaint "does not

need detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(alteration adopted) (internal quotation marks and citation omitted).  However, "a [plaintiff's]

obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." *Id*. (alteration adopted) (internal quotation marks and citation omitted).  Rather, a

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555.

  "[O]nce a claim has been stated adequately, it may be supported by showing any set of

facts consistent with the allegations in the complaint," *id*. at 563, and a plaintiff must allege

"only enough facts to state a claim to relief that is plausible on its face," *id*. at 570.  Certainly, if

a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[]

complaint must be dismissed." *Id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a

complaint states a plausible claim for relief will ... be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.  But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration

adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

  Generally, "[w]hen considering a motion to dismiss, the Court's review is confined to the

pleadings themselves," because "[t]o go beyond the allegations in the [c]omplaint would convert

the Rule 12(b)(6) motion into one for summary judgment pursuant to [Federal Rule of Civil

Procedure] 56." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275

(S.D.N.Y. 2002). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the [c]omplaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (quotation marks omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken.'" (alteration adopted) (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

Where, as here, a complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 561 (S.D.N.Y. 2016) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.2011)), *aff'd*, 657 F. App'x 949 (Fed. Cir. 2016).

B. Analysis

Construing Plaintiff's SAC liberally and interpreting it to raise the strongest arguments that it suggests, the Court determines that Plaintiff brings (i) claims of malicious prosecution and negligent supervision against Defendant DeFiore; (ii) claims of malicious prosecution and abuse of process against Defendant Chapoulie; and (iii) a municipal liability claim against Defendants New York and White Plains pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

1.  <u>Claims Against Defendant DeFiore</u>

As before, Defendant DeFiore claims that the claims against her should be dismissed because "the Court lacks personal jurisdiction over [her] because Plaintiff failed to properly serve process on [her]; Plaintiff's claims are time barred; the AC fails to allege a claim for relief on the merits; [and] Plaintiff has failed to establish personal involvement." *See Magassouba v. City of New York ("Magassouba I")*, No. 23-CV-3686, 2024 WL 2979825, at *3 (S.D.N.Y. June 12, 2024).

As before, even assuming, arguendo, that Plaintiff's claims were not time barred and court had personal jurisdiction over them, the Court determines that Plaintiff's claims must be dismissed due to "(1) [DeFiore's] lack of personal involvement in Plaintiff's alleged malicious prosecution; (2) Plaintiff's failure to allege that the employees [DeFiore] supervised acted outside the scope of their employment." *Id.*

a.  <u>Malicious Prosecution</u>

As explained previously by the Court, "'[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.'" *Id.* at *3 (quoting *Sterling v. Akinyombo*, No. 20-CV-10804, 2022 WL 2657223, at *4 (S.D.N.Y. July 8, 2022)). "Simply being a supervisor is not enough to impute personal involvement onto a defendant; liability exists only where 'the defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)).

In its prior Opinion granting County Defendants' Motion to Dismiss, the Court found that Plaintiff had failed to "to put forward *any* facts showing that [DeFiore] was directly involved in, or even aware of, the prosecution against Plaintiff." *Id*. at *4 (emphasis in original). In the SAC,

11

Plaintiff attempts to remedy this deficiency by providing a list of post-conviction motions and court filings "addressed to" Defendant DeFiore in her capacity as District Attorney as evidence that she "knew about the entire proceeding" against him.  (*See* SAC 11–12.)  Plaintiff's allegations suggest that these motions and filings begin in 2009 and ended around 2012.  (*See id*.)

First, the Court finds Plaintiff's allegations insufficient to establish that Defendant DeFiore directly participated in or knew of any unlawful activity associated with his 1996 and 2000 re-sentencing, as Plaintiff's only factual allegations regarding DeFiore's involvement begin in 2009, many years after Plaintiff's 1996 sentencing or 2000 re-sentencing.  (*See id*.)  *See Mitchell v. Annucci*, No. 22-CV-613, 2022 WL 7271377, at *4 (N.D.N.Y. Aug. 29, 2022) (dismissing claims against a defendant where the plaintiff made "no factual allegations" of his involvement), *report and recommendation adopted*, No. 22-CV-613, 2022 WL 4354360 (N.D.N.Y. Sept. 20, 2022); *Avent v. Meilunas*, No. 19-CV-70, 2019 WL 2477933, at *2 (N.D.N.Y. Mar. 18, 2019) (same), *report and recommendation adopted*, No. 19-CV-70, 2019 WL 1785085 (N.D.N.Y. Apr. 24, 2019); *Clark v. United States*, No. 16-CV-740, 2016 WL 10570930, at *10–11 (N.D.N.Y. Aug. 29, 2016) (dismissing claims against a number of the defendants because the plaintiff failed to make any allegations as to them), *report and recommendation adopted*, No. 16-CV-740, 2016 WL 6610734 (N.D.N.Y. Nov. 9, 2016).

Second, to the extent Plaintiff's additional factual allegations are aimed at proving misconduct related to his post-conviction proceedings, he has asserted nothing more than a theory of supervisory liability against Defendant DeFiore.  Though Plaintiff alleges a laundry list of motions and court orders "addressed" to Defendant DeFiore, he does not adduce facts that suggest Defendant DeFiore *personally participated* or supervised others in any of the

proceedings he alleges were wrongful. (*See* SAC at 11–12.); *cf. Balkanli v. Renzo*, No. 24-CV-7166, 2024 WL 4753295, at *2 (E.D.N.Y. Nov. 12, 2024) ("The only basis for the plaintiff's claim against [the defendant, District Attorney of Queens County] is that the charges were filed in Queens County and that the Queens County DA's Office was involved in prosecuting the plaintiff. This is not sufficient personal involvement."); *Pearson v. City of New York*, No. 22-CV-10669, 2024 WL 1314099, at *11 (S.D.N.Y. Mar. 26, 2024) (rejecting claims against District Attorney defendant where no allegation tended to show personal, rather than supervisory, involvement), *appeal pending*, No. 24-1167 (2d Cir. May 1, 2024); *Jeanty v. City of Utica*, No. 16-CV-966, 2017 WL 6408878, at *11 (N.D.N.Y. Aug. 18, 2017) (rejecting the plaintiff's claim that supervisors' "sign[ing] off" on reports that were factually inaccurate" was insufficient to show personal involvement), *on reconsideration in part*, No. 16-CV-966, 2018 WL 2383582 (N.D.N.Y. May 25, 2018), *aff'd sub nom. Jeanty v. Cerminaro*, No. 21-CV-1974, 2023 WL 325012 (2d Cir. Jan. 20, 2023). As before, Plaintiff's allegations fail to show that Defendant DeFiore was personally involved in his allegedly malicious prosecution.

Finally, even if the Court found that Defendant DeFiore was personally involved in the litigation of Plaintiff's post-conviction proceedings, such activity is "intimately associated with the judicial phase of the criminal process" and absolutely immunized from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buari v. City of New York*, 530 F. Supp. 3d 356, 381 (S.D.N.Y. 2021) ("[A]bsolute immunity shields work performed during a post-conviction collateral attack, at least insofar as the challenged actions are part of the prosecutor's role as an advocate for the state." (quoting *Warney v. Monroe Cnty.*, 587 F.3d 113, 123 (2d Cir. 2009))); *Van Stuyvesant v. Crane*, No. 23-CV-4394, 2023 WL 4848404, at *5 (S.D.N.Y. July 27, 2023)

(applying the same standard to an order of dismissal against numerous district attorneys and former district attorneys).

### b. Negligent Supervision

As noted by the Court in its previous Opinion, "'New York law does not permit a claim for negligent hiring, training, retention, or supervision where the defendants act in the scope of their employment.'" *Magassouba I*, 2024 WL 2979825, at *4 (alteration adopted) (quoting *Schoolcraft v. City of New York*, 103 F. Supp. 3d 465, 521–22 (S.D.N.Y. 2015)).

Applying this principle, in its prior Opinion, the Court dismissed Plaintiff's negligent supervision claim because he had not alleged "that the unspecified employees [DeFiore] supervised acted outside the scope of their employment with regard to Plaintiff's prosecution," *id*., and in fact, all of Plaintiff's allegations appeared to "relate to his prosecution, all of which seem to have occurred in the course of their employment as prosecutors," *id*.  For that reason, the Court found that Plaintiff could not state a claim of negligent supervision against Defendant DeFiore.  *See id*. (citing *Idiakheua v. New York State Dep't of Corr. & Cmty. Supervision*, No. 20-CV-4169, 2022 WL 10604355, at *17 (E.D.N.Y. Oct. 18, 2022) (dismissing plaintiff's negligent supervision claim because he "ha[d] not plausibly alleged that any of the tortfeasors were acting outside the scope of their employment"), and *Zanfardino v. City of New York*, 230 F. Supp. 3d 325, 336 (S.D.N.Y. 2017) ("Plaintiff's claim against the City for negligent hiring, training, screening, supervising and/or instructing . . . must fail for the simple reason that he has not alleged a necessary element of such a claim—that either [d]efendant acted outside the scope of his or her employment.")).

Aside from a passing, conclusory, and confusing allegation—"[t]he government's legislative body was acting in the scope of her employment and outside the scope of her

14

employment"—Plaintiff fails to correct this deficiency in his SAC. (*See* SAC 10–11.) Because Plaintiff again fails to allege any facts suggesting that any defendant acted outside the scope of his/her employment, his negligent supervision claim must once again fail. *Tunne v. Discover Fin. Servs., Inc.*, No. 22-CV-5288, 2024 WL 2960564, at *14 (S.D.N.Y. May 13, 2024) (recommending negligent hiring, retention, and training claim be dismissed because the complaint failed to allege the defendant's acted outside the scope of their employment), *report and recommendation adopted sub nom. Tunne v. Disocver Fin. Servs., Inc.*, No. 22-CV-5288, 2024 WL 2959285 (S.D.N.Y. June 10, 2024); *Soliman v. City of New York*, No. 15-CV-5310, 2017 WL 1229730, at *12 (E.D.N.Y. Mar. 31, 2017) (dismissing the plaintiff's negligent hiring/retention and training/supervision claims where the plaintiff failed to allege that the defendants were acting outside the scope of their employment); *Melvin v. Cnty. of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *21 (S.D.N.Y. Mar. 29, 2016) (same).

      2.  Claims Against Defendant Chapoulie

     As noted in the Court's prior Opinion, prosecutors "are entitled to absolute immunity from civil suits for damages under [Section] 1983 when functioning as advocates for the state in circumstances intimately associated with the judicial phase of the criminal process." *Magassouba I*, 2024 WL 2979825, at *5 (quoting *Burton v. County of Westchester*, No. 21-CV-1475, 2022 WL 2340478, at *3 (S.D.N.Y. June 29, 2022) (alteration adopted) (internal quotation marks and citations omitted)); *see also Dawson v. City of New York*, No. 22-CV-4784, 2023 WL 4975974, at *3 (E.D.N.Y. Aug. 3, 2023) (noting that prosecutorial immunity is "generally broad and extends to any 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the [government].'" (quoting *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998)).

In the prior Opinion, the Court held that Defendant Chapoulie was entitled to absolute immunity because "the conduct Plaintiff complain[ed] of revolves entirely around Chapoulie's prosecution of Plaintiff." *Magassouba I*, 2024 WL 2979825, at *5. For that reason, the Court dismissed Plaintiff's claims against Defendant Chapoulie in full. *See id*.

In the SAC, Plaintiff fails to remedy this crucial deficiency. (*See* SAC 13–16.) The factual allegations contained in the SAC revolve entirely around Defendant Chapoulie's prosecution of Plaintiff. (*See id*.) As before, this deficiency dooms Plaintiff's claims against Defendant Chapoulie. *See Magassouba I*, 2024 WL 2979825, at *5. As the Court noted in the prior Opinion, "[e]ven taking as true Plaintiff's claim that his prosecution was predicated on incorrect information, such a fact does not impact the applicability of absolute immunity in this case." *Id.*; *see also Burton v. Cnty. of Westchester*, No. 21-CV-1475, 2022 WL 2340478 (S.D.N.Y. June 29, 2022) (noting that absolute immunity covers "the deliberate choice to move forward and prosecute an individual for crimes that a prosecutor knew the accused was innocent of committing," as such "a decision describes only functions for which a prosecutor is normally accorded absolute immunity.").

For these reasons, the Court once again dismisses Plaintiff's claims against Defendant Chapoulie.[2]

---

[2] As before, because the Court determines Defendant Chaplouie is absolutely immune from suit as to her prosecutorial functions, it does not address Defendants' claims of untimeliness or lack of personal jurisdiction. *Magassouba I*, 2024 WL 2979825, at *3.

3.  <u>Claims Against Defendants New York and White Plains</u>

Plaintiff also brings claims pursuant to Section 1983 against Defendants New York and White Plains.  (*See* SAC 7–10.)[3]

As noted in the Court's prior Opinion dismissing Plaintiff's claims against Defendant New York, in order to bring a claim against a municipality under Section 1983, Plaintiff is obligated to show that "a[n] official municipal policy of some nature caused a constitutional tort."  *Magassouba II*, 2024 WL 2979312, at *3 (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691(1978)).  "[T]o prevail on a claim against a municipality under [S]ection 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."  *Id.* (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)).  This last requirement "reflects the notion that 'a municipality may not be held liable under Section 1983 solely because it employs a tortfeasor.'"  *Id.* at *4 (alteration adopted) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)).

---

[3] To the extent that Plaintiff claims to be suing parties that are no longer party to the suit and were unnamed in the Complaint, the Court finds such claims must be dismissed for failure to state a claim.  *See Magassouba v. City of New York ("Magassouba II")*, No. 23-CV-3686, 2024 WL 2979312, at *6 (S.D.N.Y. June 12, 2024) ("The amended complaint will replace, not supplement, the Complaint currently before the Court.  It therefore must contain all of the claims and factual allegations Plaintiff wishes the Court to consider, *including the identification of individuals and the nature of their involvement*." (emphasis added)); *see also Cora v. Lebron*, No. 24-CV-327, 2024 WL 308244, at *2 (E.D.N.Y. Jan. 26, 2024) ("The plaintiff makes no factual allegations against [the defendant]; that alone is a sufficient basis to dismiss the complaint against her.").

Therefore, as noted before, "[i]n determining municipal liability, it is necessary to conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" *Id*. (quoting *Kiss v. Torres*, No. 21-CV-10391, 2024 WL 1210941, at *20 (S.D.N.Y. Mar. 19, 2024)).

> A plaintiff may satisfy the 'policy or custom' requirement by alleging one of the following:  (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Id*. (quoting *Dumel v. Westchester County*, No. 19-CV-2161, 2021 WL 738365, at *5 (S.D.N.Y. Feb. 25, 2021)).  Furthermore, it is generally the case that "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality]."  *Id*. (quoting *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008)).

Finally, mere recitation that Defendants had an unconstitutional "policy or custom," without sufficient factual support, is insufficient to state a claim under *Monell*.  *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1077 (2d Cir. 2021) (holding that "a 'general and conclusory allegation' of a municipal policy or custom fails to state a plausible claim." (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)); *see also Muhammad v. Murphy*, No. 24-CV-872, 2025 WL 32752, at *3 (N.D.N.Y. Jan. 6, 2025) (collecting cases); *Almazon v. Town of Oyster Bay*, No. 23-CV-5583, 2024 WL 4649915, at *7 (E.D.N.Y. Sept. 26, 2024) (dismissing the plaintiff's *Monell* claim where the allegations in the complaint were "threadbare" and "conclusory").

     a.  <u>Defendant New York</u>

In its previous Opinion, the Court found Plaintiff's had raised a deliberate indifference claim. *See Magassouba II*, 2024 WL 2979312, at *5–6. "A plaintiff can base a deliberate indifference claim 'upon a failure to train or a failure to supervise or discipline.'" *Wozar v. Campbell*, No. 24-CV-851, 2025 WL 227645, at *15 (D. Conn. Jan. 17, 2025) (quoting *Buari v. City of New York*, 530 F. Supp. 3d 356, 399 (S.D.N.Y. 2021)).

As noted previously, "[a] failure to train constitutes a policy or custom that is actionable under Section 1983 only where 'in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.'" *Magassouba II*, 2024 WL 2979312, at *5 (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)). "Similarly, '[t]o establish *Monell* liability premised on a failure to supervise, a plaintiff must plead that (1) there was a pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity, and (2) the municipality consistently failed to investigate those allegations.'" *Id.* (quoting *Lopes v. Westchester County*, No. 18-CV-8205, 2020 WL 1445729, at *5 (S.D.N.Y. Mar. 25, 2020)).

In *Magassouba II*, this Court dismissed Plaintiff's failure to supervise and train claims against Defendant New York because Plaintiff had failed to allege "any specific training deficiency" and did "not allege[] that there was a 'pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity.'" *See id*.

In the SAC, Plaintiff appears to claim that Defendant New York was deliberately indifferent to ongoing constitutional violations and "authorized its employees to arrest

[individuals] without questioning the validity, falsity, and fabrication of warrant evidence." (*see* SAC 8–9; *see also id*. at 6.)  However, the SAC, like the AC, is "devoid of any detailed factual allegations" suggesting that New York was deliberately indifferent to or involved in the promulgation of a policy that violated Plaintiff's constitutional rights.  (*See* SAC 7–9.)  Once again, such conclusory allegations are insufficient to state a *Monell* claim against the City.  *See Wilkins v. City of Stamford,* No. 24-CV-556, 2024 WL 4965318, at *4 (D. Conn. Dec. 4, 2024) (dismissing the plaintiff's deliberate indifference claim where the plaintiff "fail[ed] to make 'specific factual allegations regarding any failures to investigate complaints or discipline officers involved.'" (emphasis omitted) (quoting *Taranto v. Putnam Cnty*., No. 21-CV-2455, 2023 WL 6318280, at *20 (S.D.N.Y. Sept. 23, 2023)); *Williams v. Fryermuth*, No. 23-CV-2156, 2024 WL 4557444, at *6 (S.D.N.Y. Oct. 23, 2024) (dismissing the plaintiff's failure to supervise claims where they were "conclusory and lack[ed] . . . specificity" and "boilerplate assertions").

> b. Defendant White Plains

Plaintiff appears to allege that Defendant White Plains was deliberately indifferent to, or maintained an explicit policy of, permitting officials to arrest individuals, such as Plaintiff, "without questioning the falsity and fabrication of warrant evidence."  (*See* SAC 10.)

As with Plaintiff's allegations against Defendant New York, Plaintiff fails to adduce anything more than boilerplate assertions regarding Defendant White Plains' culpability in his allegedly wrongful arrest.  (*See* SAC 9–10.)  These conclusory allegations cannot suffice to state a claim under *Monell*.  *See Johns v. Do*, No. 23-CV-3497, 2024 WL 4171023, at *6 (E.D.N.Y. Sept. 12, 2024) (dismissing the plaintiffs' *Monell* claim where they alleged nothing more than that the defendants "ha[d] engaged in a 'pattern and practice'" of the allegedly unconstitutional actions, were "deliberately indifferent," and "failed to supervise and train" their employees); *see*

20

*also Kimble v. Kingston City Sch. Dist.*, No. 18-CV-575, 2019 WL 1259614, at *7 (N.D.N.Y.

Mar. 19, 2019) (holding that conclusory allegations are insufficient to establish liability under

*Monell* and collecting cases), *aff'd*, 792 F. App'x 80 (2d Cir. 2019)*; Bradley v. City of New York*,

No. 08-CV-1106, 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009) ("The Complaint's

conclusory, boilerplate language—that the City 'fail[ed] to adequately train, discipline, and

supervise' employees and 'fail[e]d to promulgate and put into effect appropriate rules and

regulations applicable to the duties and behavior' of its employees . . . is insufficient to raise an

inference of the existence of a custom or policy, let alone that such a policy caused Plaintiff to be

arrested without probable cause.").

Therefore, Plaintiff's claims deliberate indifference claim against Defendant White Plains

must be dismissed.

### 4. State Law

Finally, to the extent Plaintiff raises a state law claim against Defendants, in light of the

Court's dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental

jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline

to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all

claims over which it has original jurisdiction . . . ."). "[I]n the usual case in which all federal-law

claims are eliminated before trial, the balance of factors to be considered under the pendent

jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward

declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar.*

*Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d

705, 727 (2d Cir. 2013) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir.

2003)); *see also One Commc'ns Corp. v. JP Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir.

2010) (summary order) ("If all of a plaintiff's federal claims are dismissed, a district court is well

within its discretion to decline to assert supplemental jurisdiction over any state law claims

. . . ."); *Young v. Suffolk County*, 922 F. Supp. 2d 368, 397–98 (E.D.N.Y. 2013) (declining to

exercise supplemental jurisdiction over state-law counterclaim after dismissing all federal

claims).

### III.    Conclusion

For the foregoing reasons, the Defendants' Motions are granted in full.  Plaintiff's claims

are dismissed with prejudice, as Plaintiff has already had the opportunity to file two complaints.

*See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled

to "a third go-around"); *see also Bryant v. Capra*, No. 18-CV-10198, 2021 WL 323263, at *5

(S.D.N.Y. Feb. 1, 2021) (dismissing the plaintiff's claims with prejudice where it was "the

second time adjudicating his claims, and [the p]laintiff ha[d] not fixed the problems identified by

the Court in" a prior opinion); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL

1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting a motion to dismiss with prejudice

where "[the p]laintiff ha[d] already had two bites at the apple, and they ha[d] proven fruitless"

(alteration adopted) (citation omitted)).

The Clerk of Court is respectfully directed to terminate the pending motions (Dkt. Nos.

139, 143, 150), mail a copy of this Opinion to Plaintiff, and close the case.

SO ORDERED.

Dated:    March 3, 2025
          White Plains, New York

22

_____
KENNETH M. KARAS
United States District Judge